IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RONALD SATISH EMRIT )
)
v. ) NO: 3:15-0970
)
VEVO, LLC, SONY MUSIC ENTERTAINMENT, )
WARNER MUSIC GROUP, INC. )
and BLUE2DIGTIAL, INC. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered October 9, 2015 (Docket Entry No. 8), the Court referred this *pro se* action to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Plaintiff filed this action *in forma pauperis* on September 8, 2015, against four defendants based on various state law claims. Process was issued on October 9, 2015, *see* Docket Entry No. 9, and only Defendant Sony Music Entertainment, who has recently filed a motion to dismiss, has been served with process. On December 21, 2015, Plaintiff filed multiple motions, two of which are a motion for a preliminary injunction (Docket Entry No. 28) and a motion for summary judgment (Docket Entry No. 35). Both motions lack merit and should be denied.

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the

merits. *See Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956). Preliminary injunctions are considered extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). He has not met this burden. He has not supported his motion with any type of affirmative evidence, has not shown that any factors weigh in favor of his request for a preliminary injunction. *See Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner*, 228 F.3d. 729, 736 (6th Cir. 2000); *Six Clinics Holding Corp., II v. CAFCOMP Systems*, 119 F.3d 393, 401 (6th Cir. 1997) *Parker v. U.S. Dep't of Agric.* 879 F.2d. 1362, 1367 (6th Cir. 1989); *Mason Cnty Med. Assocs. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

Plaintiff's motion for summary judgment is likewise unsupported by any affirmative evidence, and Plaintiff has made absolutely no showing that genuine issues of material fact do not exist and that he is entitled to judgment as a matter of law in accordance with Rule 56 of the Federal Rules of Civil Procedure. The motion is premature given the procedural posture of this case, and also fails to comply with the requirements of Local Rule 56.01(b).

## RECOMMENDATION

The Court respectfully RECOMMENDS that Plaintiff's motion for a preliminary injunction (Docket Entry No. 28) and motion for summary judgment (Docket Entry No. 35) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge