IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RONALD SATISH EMRIT )
)
v. ) NO: 3:15-0970
)
VEVO, LLC, SONY MUSIC ENTERTAINMENT, )
WARNER MUSIC GROUP, INC. )
and BLUE2DIGTIAL, INC. )

TO: Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered October 9, 2015 (Docket Entry No. 8), the Court referred this *pro se* action to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Pending before the Court is the motion to dismiss (Docket Entry No. 25) filed by Defendant Sony Music Entertainment ("SME").[1] Plaintiff has not responded to the motion. For the reasons set forth below, the Court recommends that the motion be granted.

## I. BACKGROUND

Plaintiff Ronald Satish Emrit ("Plaintiff"), a resident of Nevada, filed this action *pro se* and *in forma pauperis* on September 8, 2015, against four defendants: SME, Vevo, LLC. ("Vevo"),

---

[1] This Defendant asserts in its motion that it has been incorrectly identified in the Complaint as "Sony BMG, Inc."

Warner Music Group, Inc. ("Warner"), and Blue2Digital, Inc. ("Blue2Digital"). Plaintiff brings claims for breach of contract, negligence, conversion, intentional infliction of emotional distress, civil fraud/material misrepresentation, and tortious interference with business relations/contracts. *See* Complaint (Docket Entry No. 1) at 1. He also brings claims for violations of four federal statutes, *id*. at 8-10, and contends that federal jurisdiction exists under both 28 U.S.C. §§ 1331 and 1332. Plaintiff seeks damages of $45,000,000.00 and injunctive relief, including an order that Defendants provide him with "a record deal." *Id*. at 10-11.

Plaintiff asserts that he paid Defendant Blue2Digital $30.00 to have certain of his music videos distributed, including being part of a web platform operated by Defendant Vevo, *see* Complaint at ¶ 14, but that, at some point in time, eight of his music videos were removed from the Vevo website because "Vevo no longer carries the library of material provided by Blue2Digital . . . ." *Id*. at ¶ 27. Plaintiff's sole allegation against SME and Warner are that they should be held "vicariously liable through the doctrine of *respondeat superior* since Vevo appears to be a subsidiary of the major record labels including but not limited to [SME] and [Warner]." *Id*. at ¶ 28. Process was issued on October 9, 2015, *see* Docket Entry No. 9, but only Defendant SME has appeared in the action.

By its motion to dismiss, Defendant SME argues that the Complaint does not set forth any factual allegations against it and offers no basis for a claim of independent liability against SME. Further, Defendant SME argues that Plaintiff's theory of *respondeat superior* liability is not based on any facts and fails to support a claim for relief against SME. *See* Motion to Dismiss (Docket Entry No. 25). By Order entered December 22, 2015 (Docket Entry No. 36), Plaintiff was advised of the motion, given a deadline of January 22, 2016, to respond, and advised that his failure to timely

respond may result in a recommendation for the dismissal of Defendant SME. To date, Plaintiff has not responded to the motion to dismiss.

## II. ANALYSIS

The motion to dismiss of Defendant SME should be granted. First, Plaintiff has not opposed the motion to dismiss. Failure to file a timely response to a motion indicates that there is no opposition to the motion. Local Rule 7.01(b). In the Order entered December 22, 2015, Plaintiff was specifically advised by the Court of the need to respond and that his failure to respond may result in the motion being granted.

Second, review of the motion to dismiss indicates that Defendant SME has set forth persuasive and meritorious arguments that warrant dismissal of the claims brought against it. Plaintiff has not rebutted these arguments. Plaintiff's complaint fails to include any factual allegations that are specific as to any conduct of Defendant SME. Further, his assertion of *respondeat superior* liability is conclusory and speculative. Merely positing a general theory of legal liability that is unsupported by specific factual allegations does not state a plausible claim for relief which survives a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Even when the Court accepts Plaintiff's well pleaded factual allegations as true and resolves all doubts in his favor as the non-moving party, Plaintiff has not shown that he is entitled to relief against Defendant SME based upon his allegations. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *See also Iqbal*, *supra*; *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). In the absence of a response from Plaintiff as to why his claims against Defendant SME should not be dismissed,

it is not the duty of the court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406 (6th Cir. 1992).

## RECOMMENDATION

The Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 25) filed by Defendant Sony Music Entertainment be GRANTED and that this defendant be DISMISSED from the action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge