IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RONALD SATISH EMRIT )
 )
    v. ) NO: 3:15-0970
 )
VEVO, LLC, SONY MUSIC ENTERTAINMENT, )
WARNER MUSIC GROUP, INC. )
and BLUE2DIGTIAL, INC. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered October 9, 2015 (Docket Entry No. 8), the Court referred this *pro se* action to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Ronald Satish Emrit ("Plaintiff") filed this action *pro se* and *in forma pauperis* on September 8, 2015, against four defendants – SME, Vevo, LLC. ("Vevo"), Warner Music Group, Inc. ("Warner"), and Blue2Digital, Inc. ("Blue2Digital") – alleging a variety of claims and seeking damages of $45,000,000.00, as well as injunctive relief. *See* Complaint (Docket Entry No. 1) at 1 and 8-11. By Order entered May 31, 2016 (Docket Entry No. 59), all claims against Defendant SME were dismissed with prejudice upon its motion.

The docket reflects that process was issued on October 9, 2015. *See* Docket Entry No. 9. However, the remaining three Defendants have not responded to the complaint, and it is not readily

apparent that these Defendants have been properly served with process. The docket also reflects that Plaintiff has not kept his current address updated, *see* Order entered April 19, 2016 (Docket Entry No. 53), and that numerous mailings from the Court to Plaintiff at the address he provided or to alternative addresses have been returned as undeliverable. *See* Docket Entry Nos. 45, 48, 51, 52, 55, 57, 61, 62, and 63.

Rule 4(m) of the Federal Rules of Civil Procedure requires that Defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Because Plaintiff has not shown that process has been served upon the three remaining Defendants, dismissal of the action under Rule 4(m) is warranted. Additionally, Plaintiff has taken no activity in the action since filing a flurry of motions in December 2015, all of which were dismissed, and numerous court mailings to Plaintiff have been returned as undeliverable. Given Plaintiff's apparent lack of interest in the action, his failure to keep the Court informed of a good mailing address, and his failure to take the steps necessary to prosecute the action, the Court finds that dismissal of the action is warranted.[1]

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

## RECOMMENDATION

The Court respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge